# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1355 | **DATE** | March 23, 2011 |
| **CASE TITLE** | Ronnie Romaine (#2010-1108213) v. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

This action is transferred to the United States District Court for the Southern District of Illinois at East St. Louis for initial review pursuant to 28 U.S.C. 1915A and all further court action. The Clerk shall not issue summons unless the transferee court so directs. The case and all pending motions are terminated on this Court's docket.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

    Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2011, the Court ordered Plaintiff to amend his complaint, as his proposed complaint set forth unrelated claims against different Defendants in violation of the principles articulated in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The Court also warned Plaintiff that he seemed to be naming only Defendants at Lawrence Correctional Center, which is located in the Southern District of Illinois, and that if the only Defendants were located in the Southern District, he should pursue his suit there.

    Pursuant to the Court's March 3, 2011, order, Plaintiff has amended his complaint. In his amended complaint, Plaintiff names as a Defendant only Dr. Litherland, who he alleges is a dentist at Lawrence Correctional Center. Plaintiff claims that Defendant Dr. Litherland was deliberately indifferent to a serious medical condition with respect to removing one of Plaintiff's teeth and for failure to prescribe medication for the resulting pain. Without expressing an opinion as to the merits of the complaint, the Court finds that venue does not lie in this judicial district.

    Under 28 U.S.C. § 1391(b), a civil rights action under Section 1983 may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

    The Court discerns no basis for venue in this district. The events giving rise to this lawsuit took place at the Lawrence Correctional Center, in Sumner, Illinois. Sumner is in Lawrence County, which is situated in the Southern District of Illinois federal judicial district. *See* 28 U.S.C. § 93(c). Presumably, the Defendant can be found in that district. Venue does, therefore, exist in the Southern District of Illinois and, given the particulars of this case, that district is clearly the most convenient forum for this action.

**(CONTINUED)**

AWL

**STATEMENT (continued)**

     For the foregoing reasons, this action is transferred to the United States District Court for the Southern District of Illinois at East St. Louis pursuant to 28 U.S.C. § 1406(a) for imposition of an initial filing fee and whatever other action the transferee court deems appropriate. The Clerk shall not issue summonses unless the transferee court so directs.