# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE ROMAINE, IDOC # B14672, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 11-280-GPM |
| JOHN DOE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Ronnie Romaine, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Illinois River Correctional Center, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by a person acting under color of state law. This case is now before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

According to the allegations of Romaine's operative complaint in this case, in August 2010, while Romaine was incarcerated in the Lawrence Correctional Center ("Lawrence"), Defendant M. Litherland, a dentist at Lawrence, attempted to extract one of Romaine's teeth. However, the tooth broke, and Litherland left the root of the broken tooth in Romaine's gum. Romaine alleges continuing pain from the broken tooth and complains that he has not been given medication for pain, only amoxicillin to prevent infections. Romaine requests $10,000 in compensatory damages and $10,000 in punitive damages. This action was filed originally in the United States District Court for the Northern District of Illinois while Romaine was incarcerated in the Cook County Jail in Chicago, Illinois, and has been transferred to this Court pursuant to 28 U.S.C. § 1406(a).[1]

---

1. In Romaine's original complaint in this case, Romaine named as Defendants, in addition to Litherland, John Doe, the director of the IDOC, Warden Ryker, the warden at Lawrence, Warden Cappanella, an assistant warden at Lawrence, and Jane Doe, the health care administrator at Lawrence. On March 17, 2011, Romaine filed an amended complaint that omits Ryker, Cappanella, and the Doe parties as Defendants. Romaine's amended complaint completely supersedes his original complaint, of course. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002).

It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). As the United States Court of Appeals for the Seventh Circuit has instructed, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.' The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prisoner raising a claim for deliberate indifference to his or her serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety[.]" *Id*. (quoting *Wilson*, 501 U.S. at 297). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593

(7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000)) (quotation omitted).

Here there is nothing in the allegations of Romaine's complaint to suggest that Litherland acted with deliberate indifference to Romaine's medical needs. Deliberate indifference is "something approaching a total unconcern for [a prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). This total disregard for a prisoner's safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Under the Eighth Amendment standard, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation and brackets omitted). In this instance, Romaine alleges that, when Litherland realized that the tooth he was trying to extract had broken, he "stopped and told [Romaine] it's a complicated procedure and decided to reschedule [Romaine] for a later date." Doc. 6 at 4. However, Litherland was unable to schedule a follow-up examination of Romaine first because Romaine was leaving Lawrence on a writ for an appearance in court and later, after Romaine returned to Lawrence, because Romaine was due to be paroled out of IDOC custody; it appears also that Litherland prescribed Romaine amoxicillin but not pain medication for his broken tooth because Romaine previously had suffered trauma to his head from a gunshot wound. Obviously, none of this shows that Litherland was deliberately indifferent to Romaine's medical needs. At most Romaine has alleged conduct on Litherland's part that may or may not have been negligent. However, mere

negligence is not a sufficient basis for a claim under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (a "mere lack of due care by a state official" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (in order for a state prisoner to make out a Section 1983 claim for deliberate indifference to the prisoner's health or safety, negligence or even gross negligence is not enough; rather, a prisoner must show actual intent or deliberate indifference on the part of state actors); *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) ("Negligence on the part of an official does not violate the Constitution[.]"); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) ("Medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim."); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). Romaine's complaint will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Romaine's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Romaine is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 13, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge